Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3002 | **DATE** | 9/2/2003 |
| **CASE TITLE** | David M. Webster vs. Electronic Data Systems Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 16 Sept. 03 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Electronic Data Systems Corporation's Motion to Dismiss and to Compel Arbitration is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP - 3 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | | IS | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| WAP | courtroom deputy's initials | 03 SEP -2 PM 3:28 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID M. WEBSTER,

           Plaintiff,

v.

ELECTRONIC DATA SYSTEMS
CORPORATION,

           Defendant.

Case No. 03 C 3002

Hon. Harry D. Leinenweber

DOCKETED
SEP - 3 2003

## MEMORANDUM OPINION AND ORDER

The Plaintiff, David M. Webster ("Webster"), brings this complaint against Defendant Electronic Data Systems Corporation ("EDS"), alleging breach of contract, unjust enrichment, and promissory estoppel. Before the Court is EDS's motion to dismiss the complaint and to compel arbitration of all claims pursuant to Federal Rule of Civil Procedure 12(b) and Sections 3 and 4 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 3, 4. For the following reasons, the Court denies the motion.

### I. BACKGROUND

In March 1994, Webster was hired as General Counsel for A.T. Kearney, Inc. ("ATK"). In August 1995, EDS acquired ATK. In conjunction with and as a condition of Webster's employment with the post-acquisition ATK, on August 31, 1995, Webster entered into an Employment Agreement (the "Agreement") with EDS, assuming the title of Vice President. (See Mot. Ex. 1; Compl. ¶ 6.)

Paragraph 12 of the Agreement set forth an arbitration provision requiring that "any controversy or dispute between [Webster] and [ATK] or EDS relating to or arising out of the termination of [Webster's] employment . . . shall be fully and finally resolved pursuant to the Dispute Resolution and Arbitration Procedures attached as Addendum 1 and fully incorporated herein." (Mot. Ex. 1 at ¶ 12.)

In April 2001, Webster was among a group of executives selected by EDS as eligible to participate in the EDS Executive Bonus Plan (the "EBP"). (Compl. at ¶ 10.) The EBP provided for a target bonus that would be determined based upon the performance of EDS. (*Id.* at ¶ 13.) At the end of the year, EBP participants were to be rated on a scale from 1 to 5. Depending on the rating, a participant would receive a certain percentage of the target bonus, ranging anywhere from 60% (for a rating of 5) to 140% (for a rating of 1). (*Id.* at ¶¶ 13, 19; EBP at 2-3.) Webster accepted the offer to participate in the EBP on September 7, 2001, and was eligible to receive a bonus for 2001. (Compl. at ¶¶ 14-18.)

Webster alleges that on January 25, 2002 he was informed by Dietmar Ostermann, Chief Executive Officer of ATK, that he and the other ATK participants in the EBP would not be receiving bonus payouts. (*Id.* at ¶ 26.) Ostermann allegedly planned to use the money instead to reward other ATK employees below the officer level who did not participate in the EBP. Following that decision, EDS

offered stock options to EBP participants contingent on their waiving any right to a 2001 bonus under the EBP. (Resp. at 6.) Webster refused to sign the waiver. (Compl. at ¶ 27.)

In November 2002, Webster learned that he was to be terminated, as EDS planned to close ATK's Chicago offices and to consolidate legal operations in its Plano, Texas location. (Mot. at 5.) On November 18, 2001, Webster resigned. According to EDS, Webster threatened to sue if EDS did not agree to pay him the 2001 bonus under the EBP that he felt he was owed. (*Id.*) Webster made good on his threat, and in March 2003 brought this suit seeking payment of the disputed bonus payout. EDS seeks to have this Court dismiss the complaint and to enter an order referring Webster's claims to arbitration.

## II. **FEDERAL ARBITRATION ACT**

Section 3 of the FAA provides that a court shall stay any suit before it where the issue forming the basis of the suit is subject to arbitration pursuant to a written agreement. 9 U.S.C. § 3; *but cf. Pryner v. Tractor Supply Co.*, 109 F.3d 354, 361 (7th Cir. 1997) ("The arbitration act says in fact that the court shall stay the suit, not just a piece of the suit, if the suit is "brought upon" an arbitrable issue, 9 U.S.C. § 3, though the cases, perhaps concerned lest the tail wag the dog, treat the question whether to stay the entire case as discretionary in cases involving both arbitrable and nonarbitrable issues."). Such a stay lasts until

the arbitration has been completed under the terms of the agreement. *Id.* Although § 3 requires, at the very least, that an aribtrable suit be stayed, "[t]his rule . . . was not intended to limit dismissal of a case in the proper circumstances. The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Section 4 of the FAA directs courts to order arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4.

### III. DISCUSSION

EDS argues that the Agreement's arbitration provision requires Webster to submit his claims to arbitration for two reasons: first, Webster did not file this suit until after his employment terminated; second, Webster allegedly "tied" his asserted claim to a 2001 bonus under the EBS to his termination by (i) making a demand for the bonus money the day he resigned, and (ii) including this particular claim along with other clearly arbitrable claims in a March 12, 2003 settlement demand letter. Webster counters that the arbitration provision applies only to disputes "relating to or arising out of the termination of [his] employment" and that his claims have no legally relevant connection to his termination. Rather, Webster contends that his claim arose out of EDS's failure

the arbitration has been completed under the terms of the agreement. *Id.* Although § 3 requires, at the very least, that an aribtrable suit be stayed, "[t]his rule . . . was not intended to limit dismissal of a case in the proper circumstances. The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Section 4 of the FAA directs courts to order arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4.

### III. DISCUSSION

EDS argues that the Agreement's arbitration provision requires Webster to submit his claims to arbitration for two reasons: first, Webster did not file this suit until after his employment terminated; second, Webster allegedly "tied" his asserted claim to a 2001 bonus under the EBS to his termination by (i) making a demand for the bonus money the day he resigned, and (ii) including this particular claim along with other clearly arbitrable claims in a March 12, 2003 settlement demand letter. Webster counters that the arbitration provision applies only to disputes "relating to or arising out of the termination of [his] employment" and that his claims have no legally relevant connection to his termination. Rather, Webster contends that his claim arose out of EDS's failure

the arbitration has been completed under the terms of the agreement. *Id.* Although § 3 requires, at the very least, that an aribtrable suit be stayed, "[t]his rule . . . was not intended to limit dismissal of a case in the proper circumstances. The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Section 4 of the FAA directs courts to order arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4.

### III. DISCUSSION

EDS argues that the Agreement's arbitration provision requires Webster to submit his claims to arbitration for two reasons: first, Webster did not file this suit until after his employment terminated; second, Webster allegedly "tied" his asserted claim to a 2001 bonus under the EBS to his termination by (i) making a demand for the bonus money the day he resigned, and (ii) including this particular claim along with other clearly arbitrable claims in a March 12, 2003 settlement demand letter. Webster counters that the arbitration provision applies only to disputes "relating to or arising out of the termination of [his] employment" and that his claims have no legally relevant connection to his termination. Rather, Webster contends that his claim arose out of EDS's failure

to pay his 2001 bonus under the EBS, an event which took place prior to his resignation and which is therefore not subject to mandatory arbitration under the Agreement. The Court agrees with Webster.

Under the FAA, arbitration clauses are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Whether a specific issue is subject to arbitration is a matter of contract interpretation, because 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Keifer Specialty Flooring, Inc., v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999)(quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). As the Supreme Court has noted, the FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Accordingly, "an order to arbitrate should not be denied unless it may be said with positive assurance that the arbitration clause [in a contract] is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers*, 363 U.S. at 582; *see also AT & T Tech. Inc. v. Comm. Workers of Am.*, 475 U.S. 643, 648 (1986).

In this case, the relevant arbitration provision is addressed only to disputes or controversies relating to or arising out of the termination of employment. Webster's claims in this suit were not arbitrable prior to Webster ending his employment relationship with ATK. Indeed, if Webster had sued on these claims in early 2002 while he was still an ATK employee, the Agreement's arbitration provision plainly would not have applied, as his claims would not have "relate[d] to or arise[n] out of the termination of" his employment. EDS concedes this point in its reply brief, acknowledging that Webster's "claim for the 2001 performance bonus was 'a ripe and existing claim' as of January 2002." (Reply at 2 (citing Resp. at 5, 12)). Webster's claims did not somehow transmute into arbitrable claims simply by the passage of time or the occurrence of unrelated events (e.g., the termination of Webster's employment some ten months later). EDS's speculation that "Webster never would have filed this lawsuit" (Reply at 2) so long as he remained an ATK employee is quite beside the point; the fact is that this dispute arose well before Webster's resignation and *could* legitimately have formed the basis of a lawsuit.

EDS points to the strong federal policy favoring arbitration in close cases, see *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25, insisting that an order compelling arbitration is appropriate here. This, however, is not a close case. It is easily distinguishable, for example, from cases in which parties had agreed to arbitrate

"any dispute over whether either party has violated the terms of [an] Agreement concerning the terms of the Executive's employment and the Executive's termination or resignation." *Witz v. Apps*, No. 00 C 3662, 2000 WL 1720434, at *4 (N.D. Ill. Nov. 14, 2000). Because EDS, ATK, and Webster agreed to an arbitration clause applying solely to disputes "relating to or arising out of the termination" of employment, the Court holds that the claims raised in Webster's complaint are not subject to arbitration. Neither Rule 12(b) nor §§ 3 or 4 of the FAA constitute a sufficient basis to dismiss the complaint or to compel arbitration.

### CONCLUSION

For the foregoing reasons, EDS'S Motion to Dismiss and to Compel Arbitration is **DENIED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: September 2, 2003